## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LISA TURRENTINE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 08-2042-JWL/DJW** |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT CONFIDENTIALITY AND PROTECTIVE ORDER

This matter comes before the court upon the joint motion of plaintiff and defendant to enter a joint Confidentiality and Protective Order (doc. 10). Having reviewed the joint motion of the parties for a confidentiality and protective order and it appearing to the Court that:

A. The parties are engaged in discovery in this case which may involve the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

B. In the course of discovery, confidential documents and/or information may be produced by the parties or other persons or entities;

C. Specifically, the confidential documents and/or information referenced above may contain information about Plaintiff's medical records, financial status and income tax returns and Defendant's past and present employees, which could include confidential and personal information about disciplinary actions and job status information, and confidential information about Defendant's business operations and practices;

D. The parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the confidential nature of the documents and/or information being produced;

1

E.      The parties have applied to the court for a Confidentiality and Protective Order, limiting the disclosure of confidential documents and/or information produced in this matter and have stipulated hereto;

F.      Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosures and use of information and documents for good cause;

G.      Good cause exists for the issuance of a Confidentiality and Protective Order; and

H.      Specifically, good cause exists in that the majority of persons associated with this matter reside or work in a relatively small group of communities, which are geographically close; and, if the confidential information described in the following paragraphs were known in the general community, that knowledge could lead to embarrassment, humiliation, loss of status and reputation and could, potentially, impact upon certain persons' personal and work relationships.  Good cause also exists in that certain confidential information about Defendant's business operations and practices could harm Defendant if made available to its competitors.

**IT IS ORDERED** that:

1.      The following definitions shall apply for purposes of this Confidentiality and Protective Order (hereinafter "Order"):

a.      The term "CONFIDENTIAL MATERIAL" shall apply to the following information the parties have endeavored to maintain as confidential:  medical information, financial information, trade secret or proprietary business operations information, and employment or personnel information or documents related to parties, current or former employees of parties, or witnesses in this case.

2

      b.      The term "Person" shall mean any natural person and any corporation, partnership, association or other entity.

      c.      The term "Party" shall mean Plaintiff Lisa Turrentine and Defendant United Parcel Service, Inc., and any other person who may become a named party to this matter.

2.      In connection with discovery proceedings in this action, and subject to paragraph 1.a. of this Order, a Party may designate any document, thing, material, portion of transcripts or videotapes of depositions or other testimony, or other information derived therefrom, or response to discovery (including answers to interrogatories and discovery requests), as "CONFIDENTIAL MATERIAL" under the terms of this Order.

3.      Confidential documents shall be so designated by stamping copies of the documents produced to a Party with the legend "CONFIDENTIAL," unless such designation is successfully challenged pursuant to paragraph 10 below. Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as "CONFIDENTIAL," unless otherwise indicated by the designating party. All copies, prints or other reproductions, summaries, notes, synopses or any other memorialization of CONFIDENTIAL MATERIAL, or the information contained therein, shall be deemed CONFIDENTIAL MATERIAL subject to this Order.

4.      In the event any Party produces its files and records and the inspecting party desires to inspect them, no confidential designation need be made by the parties in advance of said inspection. For purposes of the inspection, the provision of such documents for review shall not be deemed to be an admission or waiver by the producing party of the confidentiality or non-confidentiality of any such documents. Thereafter, upon selection of specified documents by the inspecting party for copying, the producing party shall mark as "CONFIDENTIAL" the copies

of documents subject to this Order prior to copying and further production.  Moreover, to the extent that any such documents or portions thereof contain privileged or other matters subject to objections by the producing party, no such privilege or other objection shall be waived by such initial disclosure prior to copying.

5.      Except with the prior written consent of the designating party, or by order of the court, CONFIDENTIAL MATERIAL may not be disclosed by any Party to any Person other than:

a.      A Party, including any officer, director, managing agent, or attorney for a Party or any other employee of a party with a need to know the CONFIDENTIAL MATERIAL for the prosecution or defense of this matter;

b.      Witnesses being interviewed or deposed as necessary for the prosecution or defense of this matter;

c.      Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a Party in the preparation and trial of this case; and

d.      The judges presiding in this matter, the judges' staff members, and such employees of the court as directed by the judge;

e.      Court reporters and any person before whom testimony is taken, except that such persons may be shown copies of CONFIDENTIAL MATERIAL only during such testimony and may not retain any CONFIDENTIAL MATERIAL or copies thereof.

6.      Materials designated CONFIDENTIAL MATERIAL shall not be disclosed to any Person (except those described in paragraph 5(d) and 5(e), and third-party deponents as provided in this paragraph 6) until that person has executed a written declaration in the form attached hereto as Exhibit A, acknowledging he or she has read a copy of this Order and agrees to be bound thereby.

In the event of depositions of third-party witnesses, during which CONFIDENTIAL MATERIAL is to be shown or revealed to the deponent, the party seeking to use such materials shall request that said deponent execute a written declaration in the form attached hereto as Exhibit A. If the deponent refuses to execute such a declaration, CONFIDENTIAL MATERIAL may be disclosed to the deponent without violating this Order only during the course of the deposition, and with all copies of the CONFIDENTIAL MATERIAL retained by the Parties.

7.     All CONFIDENTIAL MATERIAL shall be used and disclosed solely for purposes of the preparation and trial of this matter and shall not be used or disclosed for any other purpose, unless ordered by this Court, or another court or any administrative agency having jurisdiction in this action. Each Party to whom CONFIDENTIAL MATERIAL is to be furnished, shown or disclosed will use CONFIDENTIAL MATERIAL solely for purposes of this action and will not communicate the information, directly or indirectly, to any Person.

8.     Nothing in this Order shall:

a.     Prevent any Party from objecting to discovery that the Party believes is improper for any reason;

b.     Preclude any Party from seeking any further or additional protection for CONFIDENTIAL MATERIAL not provided in this Order.

9.     Any Party may challenge the producing party's designation of any documents, materials, or other information as CONFIDENTIAL MATERIAL. Such challenge shall be made by letter from the challenging party's counsel to the producing party's counsel or to the producing party, if that party is not known to be represented, within thirty (30) days of the initial designation. The parties then shall confer in good faith in an effort to resolve any dispute concerning wither the materials have been properly designated as "CONFIDENTIAL." Any such dispute which cannot

be resolved by such good-faith discussion shall be presented to the Court for resolution by motion by the producing party for a protective order or by the challenging party by motion to compel production. The parties will treat all materials or information designated as "CONFIDENTIAL INFORMATION" in accordance with the requirements of this Order during the pendency of such motion.

10.    In the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this litigation, it shall not lose its confidential status through such use, and the Party using such confidential material shall take all reasonable steps to maintain its confidentiality during such use.

11.    If a Party wishes to use any CONFIDENTIAL MATERIAL in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the Court.

12.    Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order.  Within 60 days of such final resolution, at the request of the producing party, each Party who received Confidential Discovery Material shall, at his or its option, either:

    a.    Return all copies thereof, including any copies in the hands of outside experts or consultants, to the producing party, or;

    b.    Furnish to the producing party a certificate signed by his or its attorneys stating that all such copies have been collected and destroyed.

Further, all information protected by this Order which has been placed in any computer data base shall be completely erased, and any documents listing or summarizing the information protected by this Order shall be destroyed within the same period.  This paragraph does not require

6

the return or destruction of any motions, brief or other items filed with the Court that may contain, reference or summarize CONFIDENTIAL MATERIAL.

13.     Any notice to a Party required by this Order may be given by notifying that Party's counsel of record in this matter.  Any act by a Party required by this Order may be performed by that Party's counsel of record in this case.

14.     This Order shall not be modified, vacated, suspended, appealed or otherwise altered without further order of the Court.  Use of any CONFIDENTIAL MATERIAL in discovery, at trial, or in any other manner shall not alter the obligations set forth in this Order with respect to such CONFIDENTIAL MATERIAL.  Any violation of this Order by any Party subject to its terms may be treated as contempt of court or may otherwise be punished as authorized by applicable law.  If this case has been dismissed or final judgment entered, a Party may seek leave to reopen the case to enforce the provisions of this Order.

15.     Neither the agreement to or the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other action.

16.     Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

**IT IS THEREFORE ORDERED** that the parties' joint motion for Confidentiality and

Protective Order (doc. 10) is granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 28th day of May 2008.

s/ David J. Waxse

David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties

Submitted and Approved By:

By: *s/ Martin M. Meyers*

Martin M. Meyers          KS #14416
Andrew H. McCue           MO #36145
Luke Hertenstein          MO #59890
THE MEYERS LAW FIRM, PC
222 W. Gregory Blvd, Ste. 340
Kansas City, Missouri 64114
(816) 444-8500
(816) 444-8508 (facsimile)
mmeyers@meyerslaw.com
ammccue@meyerslaw.com
lhertenstein@myerslaw.com

and

Gene P. Graham, Jr.       KS Fed #70615
Deborah J. Blakely        KS #19010
WHITE, ALLINDER, GRANHAM & BUCKLEY LLC
19049 E. Valley View Parkway, Ste. C
Independence, Missouri 64055
(816) 373-9080
(816) 373-9319 (facsimile
ggraham@wagblaw.com
dblakely@wagblaw.com
ATTORNEYS FOR PLAINTIFF

By: *s/ Melody L. Nashan*

8

Laurence R. Tucker        KS #77004
Melody L. Nashan          KS #14394
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Suite 2000
Kansas City, Missouri 64108-2617
(816) 221-3420
(816) 221-0786 (facsimile)
lrtrucker@armstrongteasdale.com
mnashan@armstrongteasdale.com
ATTORNEYS FOR DEFENDANT
UNITED PARCEL SERVICE, INC.

<u>EXHIBIT A</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **LISA TURRENTINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 08-2042-JWL/DJW** |
| | ) | |
| **UNITED PARCEL SERVICE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

DECLARATION OF _____ UNDER PROTECTIVE ORDER AGAINST
UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

I, _____, declare as follows:

1.  My address is _____
    _____.

2.  My present employer is_____.

3.  My present occupation or job description is_____.

4.  I hereby acknowledge that I have received, or may receive, information designated as
    CONFIDENTIAL MATERIAL under a Protective Order of the Court in the above lawsuit,
    and I acknowledge such information is provided to me pursuant to the terms and restrictions
    of such Protective Order.

5.  I further state that I have (i) been given a copy of, and have read, the Protective Order, (ii) I
    am familiar with the terms of the Protective Order, (iii) I agree to comply with, and to be
    bound by, each of the terms thereof, and (iv) I agree to hold in confidence any information
    disclosed to me pursuant to the terms of the Protective Order.

6.  To assure my compliance with the Protective Order, I hereby submit myself to the
    jurisdiction of the United States District Court for the District of Kansas for the limited
    purpose of any proceedings relating to performance under, compliance with, or violation of
    this Protective Order.

7.  I understand I am to (i) retain all of the materials I receive which have been designated as
    CONFIDENTIAL MATERIALS in a container, cabinet, drawer, room, or other safe place in
    a manner consistent with this Protective Order; (ii) make no copies or other reproductions of
    any such materials; (iii) all such materials are to remain in my custody until I have completed
    my assigned duties, whereupon they are to be returned to the party who provided them to me;
    and (iv) any materials, memoranda, work notes, or other documents derived from documents
    designated as CONFIDENTIAL MATERIAL or containing any information contained
    therein are to be delivered to the party who provided the designated materials.  Such delivery
    shall not relieve me from any of the continuing obligations imposed upon me by the

10

Protective Order.  I further agree to notify any stenographic or clerical personnel who are required to assist ma of the terms of the Protective.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____   Date: _____